IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL REYES MIRABAL, ) | No. C 06-2257 MMC |
| Petitioner, ) | **ORDER TO SHOW CAUSE** |
| v. ) | |
| S.W. ORNOSKI, ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner, a California prisoner incarcerated at California State Prison, San Quentin, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the determination by the California Board of Prison Terms ("Board") that petitioner is unsuitable for parole.

**BACKGROUND**

In 1981, in the California Superior Court for the County of Los Angeles, petitioner was convicted of second degree murder, and was sentenced to a term of fifteen years to life in state prison. The Board thereafter denied him parole on two occasions, specifically, December 2, 2002, and August 26, 2004, and petitioner unsuccessfully challenged those decisions in habeas petitions filed at all three levels of the California courts.

**DISCUSSION**

A.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.   Legal Claims

Petitioner claims the Board violated his Constitutional rights by denying him parole in 2002 and 2004 without any evidence to support its decision that his release would have posed an unreasonable risk to public safety. Liberally construed, petitioner states a cognizable claim that the Board has violated his federally protected liberty interest in being released on parole.

Additionally, petitioner contends the Board's failure to grant him parole in 2002 and 2004 violated his Constitutional right to be free of cruel and unusual punishment. The United States Supreme Court has held a sentence of 25 years to life for a "third strike" conviction for petty theft involving approximately $150 worth of videotapes was not grossly disproportionate to the offense and, thus, did not constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. See Lockyer v. Andrade, 538 U.S. 63, 77 (2003). Consequently, petitioner cannot argue persuasively that his being required to serve a sentence of 15 years to life for second degree murder, a far more serious crime than that at issue in Andrade, constitutes cruel and unusual punishment. See, e.g., Harmelin v. Michigan, 501 U.S. 957, 1004 (1991) (Kennedy, J., concurring) (noting "no sentence of imprisonment would be disproportionate" to "the crime of felony murder without specific intent to kill"); Windham v. Merkle, 163 F.3d 1092, 1106-1107 (9th Cir. 1998) (holding sentence of 15 years to life not cruel and unusual punishment where petitioner "aided and abetted the killing of another human being, and . . . received the same sentence

imposed on all persons in California who commit second-degree murder"). Accordingly, petitioner's claim that the Board's denial of parole constitutes cruel and unusual punishment is hereby DISMISSED with prejudice.

## CONCLUSION

In light of the foregoing, the Court orders as follows:

1. The Clerk of the Court shall serve by certified mail a copy of this order and the petition, along with all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California.

2. Respondent shall file with the Court and serve on petitioner, within 60 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claim. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously that are relevant to a determination of the issues presented by the petition and that have not previously been filed with the Court.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of his receipt of the answer.

3. In lieu of an answer, respondent may file, within 60 days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within 15 days of receipt of any opposition.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

5. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for

failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      6.     Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline which they seek to extend.

     IT IS SO ORDERED.

DATED: June 15, 2006

                                           MAXINE M. CHESNEY
                                           United States District Judge